UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD ROBERTS, No. 22585-021

      Petitioner,

  v.

DANIEL SPROUL, Warden

      Respondent.

Case No. 22-cv-2-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Richard Roberts's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1).  The petitioner is incarcerated at the United States Penitentiary at Marion, Illinois ("USP-Marion"), where respondent Daniel Sproul is the warden.  The petitioner is challenging the computation of his sentence, including whether time he served in state custody was properly credited by the Bureau of Prisons toward his federal sentence.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

In September 2018, Roberts pled guilty in the United States District Court for the Southern District of Georgia to one count of wire fraud and was sentenced to serve 41 month in prison.  *United States v. Roberts*, No. 6:19-cr-00003-LGW-CLR (S.D. Ga.).  He is currently incarcerated at USP-Marion with a projected release date of June 3, 2024.  *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Feb. 10, 2022).  He claims that the BOP has incorrectly calculated his release date because it did

not give him credit for time served in state custody in Kentucky and did not accurately assess his original sentence.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This includes claims for improper sentence computation under 18 U.S.C. §§ 3584 and 3585. *See Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018). Thus, the petitioner's claims are properly raised in this § 2241 petition. Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief. Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead within **30 days** of service of this order. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in his whereabouts during the pendency of this action. This notification must be in writing no later than 7 days after a transfer or other change in address. Failure to provide notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  February 11, 2022**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**